NO. 07-06-0140-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 9, 2006

_____

TERESA ANN PULLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NO. 21,177; HON. ED MAGRE, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Teresa Ann Pulley (appellant) appeals her conviction for driving while intoxicated. Her two issues concern the trial court's decision to deny her motion to suppress. The motion should have been granted because the officer purportedly lacked basis to initially stop and thereafter arrest her for the charged offense. We overrule each issue and affirm the judgment.

The record contains evidence illustrating that officers saw a truck being driven at night without its headlights being activated.[1] In particular, the officers saw "movement of some type in the dark [on Bell Street], and then . . . brake lights went off and backup lights came on, and the vehicle backup lights came off and the brake lights went off again, then the vehicle went into the driveway" from the street. During that time of day, ". . . the vehicle operator [was] required to use their [sic] headlights," according to the testifying officer. Next, after the officers arrived at the driveway and exited their vehicle, appellant was seen walking "around the front of the" truck. One of the officers asked appellant to "come over to the car," to which directive she responded that "she really didn't do anything wrong" and that "she just decided to follow her nephew." As this occurred, someone exited the residence in front of which the detention occurred. This person then informed the officers that appellant "was all alone" when she originally left the abode. And, though an officer purported to see someone else run from the area when they came upon the now parked truck, appellant "told [them] that nobody ran from the vehicle." Nor was anyone else found in the area.

During the discourse between appellant and the officers, it was noticed she "had an odor of alcoholic beverage coming from her breath." Though denying that she had been drinking, appellant nevertheless admitted to taking "Xanax." Thereafter, the officers had her perform field sobriety tests. Based upon her performance of those tests, the officers attempted to arrest her. At that point, appellant "took off running."

---

[1]At the time, the officers were searching for a truck and driver purportedly involved in an altercation at a local convenience store.

2

Statute requires one to engage a vehicle's headlights while driving after dark. TEX. TRANSP. CODE ANN. §547.302(a)(1) (Vernon 1999). That the officers saw someone disobeying the statute provided them with, at the very least, reasonable suspicion to investigate apparent criminal activity. Thus, they were entitled to detain appellant, given her proximity to a truck that had just stopped and her apparent exit from the vehicle. It was during this detention that the officers encountered other circumstances permitting them to investigate the possibility that other crimes had been committed (*i.e.* driving while intoxicated) by appellant.

The thrust of appellant's contention, however, involves the identity of the person driving the truck. That is, appellant believed that the officers had insufficient evidence upon which to detain her as the truck driver. We disagree. Again, the officers witnessed the truck first in the street and then pull into the driveway. Thus, it could be rationally said that someone was operating it on a public road. Furthermore, appellant was the only person found in the immediate vicinity of the truck immediately after it stopped in the driveway. And, while the officers thought they saw someone run from the area, not only did appellant deny that anyone had run from her vehicle, she admitted to just having followed her nephew. So too did a third party represent that appellant had been alone when she left in the vehicle. Nor can we forget that appellant tried to escape upon learning of her arrest. Thus, we have before us more than appellant's own statements purporting to identify her as the driver. We have her proximity to the vehicle, the absence of others in the area, the statement of a third party and appellant's own consciousness of guilt (as evinced by her attempt to escape). In *toto*, this evidence, if accepted by the trial court, was enough to vest the officers with *probable cause* to believe that several crimes had occurred

in their presence (*i.e.,* driving without lights and while intoxicated) and that appellant was the one who committed them.

Accordingly, we affirm the decision to overrule appellant's motion to suppress.


Per Curiam

Do not publish.